IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CAROLYN J. ZILLNER,**

    **Plaintiff,**

    v.

**MEGAN J. BRENNAN, et al.,**

    **Defendants.**

Case No. 15-9904-DDC-GLR

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (ECF 3) and motion to appoint counsel (ECF 4).

### I. Motion for Leave to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a court may grant authorization for the commencement of an action without prepayment of fees where a person submits a supporting affidavit demonstrating his or her inability to pay the required fees.  The court has wide discretion to grant or deny permission for a movant seeking to proceed IFP; however, the court cannot act arbitrarily or deny an application on erroneous grounds.  *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006).  "[T]he movant must show a financial inability to pay the required filing fees . . . ."  *Id.* (quoting *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).  The affidavit is typically accepted at face value, however, the court may inquire into its allegations and/or demand more information, if necessary.  *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984) *aff'd*, 788 F.2d 1 (2d Cir. 1985) (citing *Zaun v. Dobbin*, 628 F.2d 990, 992–993 (7th Cir.1980)).

After reviewing Plaintiff's financial affidavit (Doc. 3-1), the Court finds that Plaintiff has made a sufficient showing that she is unable to pay the required filing fees.  Plaintiff is

unemployed and has a dependent grandson. She pays approximately $3,535 per month in expenses. She also owes money on a credit card judgment, repossession, and a default second mortgage. Plaintiff also owes medical bills, which are still accumulating. Even though Plaintiff owns five cars (though apparently only worth a total of $7,000) and received $40,000 from a pension, trust fund, annuity, or life insurance payment in the last twelve months, the Court finds Plaintiff has shown her inability to pay the required filing fee. Accordingly, Plaintiff's motion to proceed IFP (ECF 3) is granted.

**II. Motion to Appoint Counsel**

Also before the Court is Plaintiff's Motion to Appoint Counsel (ECF 4). In general, there is no constitutional right to appointment of counsel in a civil case.[1] For parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[2] The provision, however, does not provide a statutory right to counsel.[3]

Under § 1915(e)(1), the Court has broad discretion to request counsel to provide

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[2] While courts sometimes use the term "appoint" when referring to § 1915(e)(1), the more appropriate terminology is request. *See Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 300-09 (1989) (emphasizing that § 1915(d), the predecessor to § 1915(e)(1), does not provide for compulsory appointment of counsel). Before being renumbered and amended in 1996, § 1915(d) provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See id.* at 298. Even though "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case, it does allow the court to make an appropriate request that legal assistance be provided." *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (citing *Mallard*).

[3] *See, e.g., Leo v. Garmin Int'l*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010); *Patterson v. Davita Dialysis*, No. 09-2131-JAR-GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009).

representation.[4]  When deciding whether to request an attorney to represent an indigent party under § 1915(e)(1), the courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims.[5]  The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant.[6]

To warrant appointment of counsel, Plaintiff must affirmatively show that she asserts meritorious claims.  But she makes no attempt to demonstrate the merits of her claims in her motion for appointment.  Consequently, the Court is left to consider her complaint.  Her complaint standing alone, however, provides an insufficient basis to find that this action has sufficient merit to warrant appointment of counsel.

Nothing before the Court, moreover, suggests that Plaintiff needs an attorney to adequately present her case.  The factual and legal issues in this employment discrimination case are not complex.  Plaintiff has not shown any reason why she cannot adequately research and investigate the case on her own.  Her pleadings and written submissions reflect some understanding of court rules and procedures, and she has access to local law libraries.  At this stage of the proceedings, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination.  The Court finds that Plaintiff has not met her burden for the appointment of counsel under 28 U.S.C. § 1915(e)(1).

---

[4]*Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[5]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[6]*Id.*

For actions brought under Title VII, 42 U.S.C. § 2000e-5(f)(1) provides discretionary authority for appointing counsel "in such circumstances as the court may deem just."[7] This statute provides no statutory right to counsel—it is merely a "a statutory right to **request** appointed counsel at court expense."[8]

The Court has "extremely broad" discretion to appoint counsel under § 2000e-5(f)(1).[9] To guide the court's discretion, the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel.[10] Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[11] In close cases, the Court should also consider whether the plaintiff has the "capacity to present the case without counsel.[12]

When considering appointment of counsel, the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys.[13] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste precious resource and may discourage attorneys from donating

---

[7] While this discretion is "extremely broad," as discussed in more detail later, long-standing Tenth Circuit precedent makes the financial ability to pay for counsel and other factors "relevant to the inquiry whether to appoint counsel." *See Castner*, 979 F.2d at 1420-21.

[8] *See Nelson* 446 F.3d at 1120-22 (emphasis added).

[9] *Castner,* 979 F.2d at 1420.

[10] *See id.* at 1420-21.

[11] *Id.* at 1421.

[12] *Id.*

[13] *Id.*

4

their time."[14]  Finally, the Court notes that it has a limited pool of volunteer attorneys from whom it may appoint counsel.

### A. Financial Ability to Secure Counsel

In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[15]  The Court granted Plaintiff permission to proceed *in forma pauperis*, and this factor weighs in Plaintiff's favor.

### B. Efforts to Secure Counsel

To obtain appointment of counsel, a party must make diligent efforts to secure counsel. This typically requires the party to meet with and discuss the case with at least five attorneys.[16] Plaintiff states she conferred with six attorneys.[17]  Of those, Plaintiff hired four at one point or another, but three withdrew for various reasons and one was fired.

### C. Merit of Allegations

To warrant appointment of counsel, Plaintiff must also affirmatively show that she asserts meritorious claims.  As previously noted, Plaintiff makes no attempt to demonstrate the merits of her claims in her motion for appointment.  She merely states that Defendant has filed a motion to dismiss for failure to state a claim, or in the alternative, for a more definite statement. Consequently, the Court is left to consider her complaint.  Her complaint standing alone, however, provides an insufficient basis to find that this action has sufficient merit to warrant appointment of counsel at this time.

---

[14] *Id.*

[15] *Castner*, 979 F.2d at 1422.

[16] *Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n.10 (D. Kan. June 12, 2009).

[17] Plaintiff does name the managing partner of a firm and that firm's associate to whom her case was assigned as two different attorneys.

The Court recognizes that its perception of the merits and other factors relevant to the issue of appointment of counsel may vary over time.[18] Due to such variance, courts "often re-evaluate the need for appointed counsel at various stages of the proceedings."[19] While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[20] As aptly stated in *Ficken*:

> Other factors contribute to the tentative nature of orders denying appointment of counsel. Because district judges are reluctant to "squander[] [their] limited resources of attorneys willing to take pro bono appointments," they often postpone the appointment decision until after dispositive motions as a means of weeding out frivolous or unmeritorious cases. The timing of the appointment may also reflect the district court's assessment of the adequacy of the record for purposes of its own decisionmaking. A district court that initially denies a motion to appoint counsel because it feels comfortable resolving a motion to dismiss on the basis of a record produced by a *pro se* plaintiff may later appoint counsel to ensure the development of a record adequate for summary judgment or trial.[21]

The considerations discussed in *Ficken* are just as relevant today. Given the burgeoning federal court dockets, increased *pro se* filings, and a seemingly ever-decreasing pool of pro bono attorneys, the timing of a request for appointment of counsel arguably takes on more importance. In most cases the courts simply lack sufficient information about the merits of the claims and/or an inability of the plaintiff to present the case without counsel. And because the movant has the burden to affirmatively show that asserted claims are meritorious, motions for appointment filed

---

[18]*See Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (relying extensively on factors set out in *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984)).

[19]*Id.*

[20]*Id.*

[21]*Id.*

early in a case may not succeed. But by denying such motions without prejudice to a similar motion at a later stage of the litigation, the courts do not preclude appointment should it become apparent that counsel should be appointed.

For these reasons, the Court denies the motion for appointment of counsel. At this point in the litigation, the factors weigh against requesting an attorney to represent Plaintiff.

### III.  Conclusion

For the foregoing reasons, the Court grants the Motion for Leave to Proceed In Forma Pauperis (ECF 3) and denies the Motion for Appointment of Counsel (ECF 4) filed by Plaintiff without prejudice to her filing a similar motion, if she survives summary dismissal. If the case proceeds to trial, furthermore, the Court may on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF 3) is granted. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees or security. The Clerk shall issue Summons for Defendant. Service of the Summons and Complaint shall be made by a United States Marshal or Deputy Marshal or by a person specially appointed pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (ECF 4) is denied without prejudice to her filing a similar motion at a later time.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated January 7, 2016, at Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge